IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| TICKETNETWORK, INC. and<br>TICKET SOFTWARE, LLC    )<br>                                      )<br>        Plaintiff,     )<br>                                        )<br>v.                                  )<br>                                       )<br>TOTALLY TICKETS, INC.;<br>CITY TICKET, INC.; MICHAEL<br>FLETCHER and JOHN AND JANE DOES<br>1-100<br>                                       )<br>        Defendants.    )<br>                                       ) | Civil Action No. |

## COMPLAINT

Plaintiff, TicketNetwork, Inc. and Ticket Software, LLC (together, "TicketNetwork"), for its Complaint against Defendants Totally Tickets, Inc. ("Totally Tickets"), Michael Fletcher, City Ticket, Inc. ("City Ticket") and John and Jane Does 1-100 (the "John Doe Defendants"), hereby allege as follows:

## NATURE OF THE ACTION

1.      TicketNetwork seeks injunctive relief, damages, and other related and equitable relief for copyright violations arising under the Copyright Act, 17 U.S.C. § 101 *et seq.*, for violations of the Digital Millennium Copyright Act, 17 U.S.C. § 1201 *et seq.*, for computer fraud and abuse arising under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 *et seq.*, for tortious interference with business expectancies and contractual relations with TicketNetwork's business partners, and for violation of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a, for violation of the Connecticut Unfair Sales Practices Act, Conn. Gen. Stat. § 42-115e.

13477914-v2

**THE PLAINTIFF**

2.      TicketNetwork, Inc. is a Delaware corporation with its principal place of business located at 75 Gerber Road East, South Windsor, Connecticut 06074.

3.      Ticket Software, LLC is a Connecticut limited liability company with its principal place of business located at 75 Gerber Road East, South Windsor, Connecticut 06074.

4.      TicketNetwork, Inc. and Ticket Software, LLC are affiliated companies doing business as "TicketNetwork."

5.      TicketNetwork is a leading-edge technology provider in the secondary ticketing industry, providing software and an online forum that links prospective buyers and sellers of tickets to a wide range of sporting events, concerts, theatrical performances and other entertainment events throughout the United States and internationally.

6.      Among the products and services offered by TicketNetwork are software solutions allowing independent ticket sellers or brokers to access TicketNetwork's online exchange of available tickets (the "TicketNetwork Exchange"). This access allows independent ticket sellers to upload their tickets to the TicketNetwork Exchange and for brokers to offer the TicketNetwork Exchange to their own customers on their own websites.

7.      TicketNetwork Point-of-Sale ("POS") is TicketNetwork's flagship software offering for independent ticket brokers. The result of several years of research and development, POS is a full-service product allowing brokers to connect seamlessly with the TicketNetwork Exchange, manage ticket sales, track ticket inventory, manage relationships with customers, collect payments from customers, create shipping labels automatically and store and sell e-tickets automatically.

8. POS software is provided to brokers pursuant to a certain End-User License and Services Agreement for Ticket Software LLC Software and Services (the "Software License") that brokers are required to accept before installing the POS software.

## THE DEFENDANTS

9. Upon information and belief, Defendant Totally Tickets is a corporation organized and existing under the laws of the State of Oklahoma, and has its principal place of business at 1551 36th Avenue NW, Suite 100, Norman, Oklahoma, 73072.

10. Upon information and belief, Totally Tickets is a broker in the secondary ticket market, offering tickets for sale to sporting events, concerts, theatrical performances and other entertainment events throughout the United States and in Canada on its website, www.totallytickets.com.

11. Upon information and belief, Totally Tickets also does business under the name 24/7 Broker, offering software solutions to other brokers in the secondary ticket market, including on its website, 247broker.com.

12. Upon information and belief, Totally Tickets and 24/7 Broker are both owned and/or controlled, all or in part, by Michael Fletcher ("Fletcher"), a resident of Norman, Oklahoma.

13. Upon information and belief, Defendant City Ticket is a corporation organized and existing under the laws of the State of Rhode Island, and has its principal place of business at 2033 Post Road, Warwick, Rhode Island, 02886.

14. Upon information and belief, City Ticket is a broker in the secondary ticket market, offering tickets for sale to sporting events, concerts, theatrical performances and other

entertainment events throughout the United States and in Canada on its website, www.cityticketonline.com.

### RELATIONSHIP BETWEEN PLAINTIFF AND DEFENDANTS

15. Part of TicketNetwork's business model is providing ticket brokers with access to the TicketNetwork Exchange, allowing those brokers to sell tickets posted on the TicketNetwork Exchange on their own websites. In exchange for TicketNetwork providing access to its TicketNetwork Exchange and its software solutions, brokers pay a fee to TicketNetwork calculated as a percentage of a portion of the transaction.

16. Because a security breach on one broker's website could negatively impact thousands of brokers and customers that pay TicketNetwork for access to the TicketNetwork Exchange and the reputation and integrity of the secondary ticket market as a whole, ensuring the security of all access points is of paramount importance to TicketNetwork.

17. In connection with TicketNetwork's release of its updated POS software (version 11.0.57.29) on June 10, 2014, TicketNetwork implemented a security enhancement protocol to the POS software to protect the security and integrity of the TicketNetwork Exchange.

18. The security enhancement protocol included a requirement that all brokers accessing the POS software enter login and password information before being granted access.

19. Recognizing that these additional security measures added an additional step to accessing the TicketNetwork Exchange, which could be viewed as an inconvenience to its brokers, TicketNetwork offered an incentive to brokers in the form of a 10% rebate on all instant download ticket sales for brokers that installed the updated POS software with the security enhancement protocol and who accepted the terms and conditions of the Software License.

Brokers that do not use the updated POS software with the security enhancement protocol receive only a 4% rebate on instant download ticket sales.

20. City Ticket contracted with TicketNetwork to license the updated version of the POS software, accepting the terms and conditions of the Software License and updating its server to the updated POS software on or about July 3, 2014.

21. The Software License includes provisions prohibiting City Ticket and other licensees from, among other things: (a) copying, modifying, or creating derivative works based on the POS software without TicketNetwork's consent; (b) copying, using or exploiting the POS software other than in accordance with the Software License; (c) reverse engineering, disassembling or decompiling the POS software or assisting any third party in doing so; and (d) allowing any third party to do any of the foregoing items. Software License ¶ 5(a).

22. Totally Tickets did not acquire a license to TicketNetwork's POS software. Instead, Totally Tickets has access to "TicketBoard Pro." TicketBoard Pro is a web-based application offered by TicketNetwork that allows ticket brokers to manage their ticket inventory and upload their ticket listings to the TicketNetwork Exchange. TicketBoard Pro does not have many of the more advanced features of TicketNetwork's POS software.

**DEFENDANTS' CIRCUMVENTION OF SECURITY ENHANCEMENTS**

23. TicketNetwork discovered that a broker developed a script (a type of computer program) that allowed POS software users to circumvent the security enhancement protocol.

24. Based upon an investigation, TicketNetwork was able to identify a script being run by City Ticket that disabled a piece of code that prevents the user from logging in as an administrator of the POS database.

25.     Upon information and belief, City Ticket has been running this script to bypass the security enhancements to the POS software since August 2014.

26.     Based on its investigation, TicketNetwork learned from representatives of City Ticket that the only entity that had access to City Ticket's server to implement the script was 24/7 Broker. Upon further investigation, TicketNetwork was able to match the Internet Protocol (IP) address accessing City Ticket's server to Totally Tickets and/or Fletcher, acting through 24/7 Broker.

27.     Upon information and belief, Totally Tickets and/or 24/7 Broker and/or Fletcher has/have been distributing this script to other brokers that have contracted with TicketNetwork to license the security-enhanced POS software, including City Ticket and possibly other brokers not yet known at this time but are identified herein as John Doe Defendants 1-100.

28.     Upon information and belief, City Ticket has utilized the script it acquired from Totally Tickets and/or 24/7 Broker and/or Fletcher to disable the security enhancement protocol on TicketNetwork's POS software. Because City Ticket accepted the incentive providing for an increased rebate on instant download ticket sales in exchange for accepting the terms and conditions of the Software License, City Ticket has been earning an increased discounted rate (10%, instead of 4%) for its instant download ticket sales through the TicketNetwork Exchange despite having circumvented the security enhancement protocol.

29.     The actions by Totally Tickets, City Ticket and other currently unknown brokers (to be named later) has unjustly profited Defendants, deprived TicketNetwork of funds to which it is otherwise entitled from its business partners, and has negatively impacted the overall performance and security level of the TicketNetwork Exchange, resulting in increased expenses to TicketNetwork and placing customers at increased risk of a security breach.

30. The acts of Defendants constitute direct, contributory and/or vicarious infringement of TicketNetwork's copyrighted software in violation of the Copyright Act, 17 U.S.C. § 501; trafficking in technology designed for the purpose of circumventing copyright protection systems in violation of the Digital Millennium Copyright Act, as amended, 17 U.S.C. § 1201(a); computer fraud and abuse arising under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 *et seq*; tortious interference with business expectancies and contractual relations between TicketNetwork and its business partners; violation of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a; and violation of the Connecticut Unfair Sales Practices Act, Conn. Gen. Stat. § 42-115e.

## JURISDICTION

31. The court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. §§ 1331, 1338(a), 1338(b), and 1367(a).

32. The court also has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy, exclusive of interest and costs exceeds $75,000.

33. This court has personal jurisdiction over each of the Defendants because Defendants have done and are doing business in the state in which this judicial district is located, and within this judicial district, including by contracting with TicketNetwork in this district to access the TicketNetwork Exchange and to license TicketNetwork's software offerings.

34. On information and belief, Defendants have committed copyright infringement, committed computer fraud and abuse, and engaged in unfair trade and sales practices in this judicial district.

35. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(a). Upon information and belief, Defendants are doing business in this district and

wrongful acts committed by Defendants have occurred in, and are causing injury to, TicketNetwork in this district.

### COUNT I – COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 101, *et seq.* (Against All Defendants)

36. TicketNetwork repeats and realleges Paragraphs 1-35 as if fully set forth herein.

37. TicketNetwork's POS software and TicketNetwork Exchange are innovative and proprietary technologies that are works of original creative expression fixed in software programming.

38. Ticket Software LLC is the rightful owner of copyrights in its POS software, including its security enhancement protocol, and the TicketNetwork Exchange and is empowered to enforce the rights inherent in its copyrights. Ticket Software LLC has registered its copyrighted POS software and TicketNetwork Exchange with the United States Copyright Office, copies of which are attached as Exhibit A (Reg. No. TXu 1-932-387 [POS software]) and Exhibit B (Reg. No. TXu 1-932-386 [TicketNetwork Exchange]).

39. Defendants Totally Tickets and Fletcher's conduct, which began occurring no later than August 2014 and continued through the filing of this action, constitutes direct and intentional infringement of TicketNetwork's exclusive rights under the Copyright Act to control the reproduction, publication, use and display of TicketNetwork's POS software and access to the TicketNetwork Exchange by distributing and/or selling its script designed to circumvent the security enhancement protocol to the POS software. When a broker uses the Totally Tickets script, the broker exceeds the scope of its license under the terms and conditions of the Software License, thereby infringing TicketNetwork's copyright(s).

40. Totally Tickets and Fletcher have contributorily infringed and induced others to infringe TicketNetwork's copyrights in the POS software and the TicketNetwork Exchange by

distributing and/or selling the script designed to circumvent the security enhancement protocol in the POS software which causes the brokers using such script to exceed the terms and conditions of their Software License and gain unauthorized access to the TicketNetwork Exchange.

41. City Ticket, by using the Totally Tickets script to modify TicketNetwork's POS software, obtains access to the POS software and the TicketNetwork Exchange in excess of the terms and conditions of the Software License, thereby infringing TicketNetwork's copyrights.

42. Upon information and belief, John Doe Defendants 1-100 have also used the Totally Tickets script to modify TicketNetwork's POS software, obtains access to the POS software and TicketNetwork Exchange in excess of the terms and conditions of the Software License, thereby infringing TicketNetwork's copyrights.

43. Upon information and belief, Defendants' infringement has been and continues to be willful.

44. TicketNetwork has been irreparably damaged, and continues to be damaged irreparably, by Defendants' copyright infringement of the POS software and the TicketNetwork Exchange.

### COUNT II – VIOLATION OF DIGITAL MILLENNIUM COPYRIGHT ACT
### (Against All Defendants)

45. TicketNetwork repeats and realleges Paragraphs 1-44 as if fully set forth herein.

46. TicketNetwork's POS software uses security enhancement protocols to protect against unauthorized access to the POS database objects and data.

47. Defendants engaged in conduct that circumvents these technological measures that effectively control access to copyrighted work, including altering the security enhancement protocols of TicketNetwork's POS software to permit unauthorized access to the software and to the TicketNetwork Exchange.

48. The script, developed by Totally Tickets and/or Fletcher and utilized by City Ticket and various John Doe Defendants, provides a service that is primarily designed or produced to circumvent security protocols and conditional access controls to TicketNetwork's copyrighted POS software and TicketNetwork Exchange, or which has limited commercially significant use other than for such circumvention.

49. All of Defendants' acts were and are performed without the permission, license or consent of TicketNetwork.

50. Upon information and belief, Defendants' actions have been and continue to be willful.

51. TicketNetwork has been irreparably damaged, and continues to be damaged irreparably, by Defendants' violations of the Digital Millennium Copyright Act.

## COUNT III – VIOLATION OF COMPUTER FRAUD AND ABUSE ACT
### (Against All Defendants)

52. TicketNetwork repeats and realleges Paragraphs 1-51 as if fully set forth herein.

53. Defendants Totally Tickets and/or Fletcher's script allows users, including City Ticket and the John Doe Defendants, to exceed their authorized access to the POS software and to the TicketNetwork Exchange.

54. Defendant City Ticket has knowingly used the script developed by Totally Tickets and/or Fletcher to circumvent TicketNetwork's enhanced security protocol on the POS software and to, thereby, exceed their authorized access to the POS software and the TicketNetwork Exchange.

55. As a result of City Ticket's unauthorized access to TicketNetwork's protected systems, TicketNetwork has incurred in excess of $5,000 in damages based on, *inter alia*, time devoted by TicketNetwork personnel investigating and taking remedial measures with respect to

the security breach, the increased discounted rebate (10%, instead of 4%) earned by City Ticket on ticket sales, and harm to TicketNetwork's reputation with respect to the security and integrity of the TicketNetwork Exchange.

56. As a result of Totally Tickets and/or Fletcher's knowing transmission of scripts that permit unauthorized access to TicketNetwork's protected systems by City Ticket and the John Doe Defendants, TicketNetwork has incurred in excess of $5,000 in damages based on, *inter alia*, time devoted by TicketNetwork personnel investigating and taking remedial measures with respect to the security breach, the increased discounted rebate (10%, instead of 4%) earned by City Ticket and the John Doe Defendants on ticket sales, and harm to TicketNetwork's reputation with respect to the security and integrity of the TicketNetwork Exchange.

57. Defendants' actions constitute computer fraud and abuse and have been, and continue to be, willful.

58. TicketNetwork has been irreparably damaged, and continues to be damaged irreparably, by Defendants' computer fraud and abuse.

### COUNT IV – TORTIOUS INTERFERENCE WITH CONTRACT RELATIONSHIPS AND BUSINESS EXPECTANCIES
**(Against Defendants Totally Tickets and Fletcher)**

59. TicketNetwork repeats and realleges Paragraphs 1-58 as if fully set forth herein.

60. TicketNetwork maintains business and contract relationships with thousands of brokers and ticket sellers around the country that license TicketNetwork's POS software and/or access the TicketNetwork Exchange.

61. Totally Tickets and/or Fletcher, by developing and distributing a script to business partners of TicketNetwork designed to circumvent the enhanced security protocols in the POS software, with knowledge that such business partners using the script would be in breach of their

Software License and with knowledge that such business partners bargained with TicketNetwork for a discounted rebate rate in exchange for accepting the enhanced security protocols, have intentionally interfered with TicketNetwork's business relationships with such business partners and has improperly interfered with the performance of their contracts.

62. Despite Totally Tickets and/or Fletcher's knowledge of the detrimental effect that distribution and use of the offending script has on TicketNetwork and its relationships with its business partners, Totally Tickets and/or Fletcher continue to market, sell, distribute and/or use the script to circumvent TicketNetwork's security enhancement protocol in its POS software.

63. By engaging in such conduct in disregard of TicketNetwork's rights, Totally Tickets and/or Fletcher have tortiously interfered with TicketNetwork's contractual relationships and with its business expectancies.

64. As a result of Totally Tickets and/or Fletcher's tortious interference, TicketNetwork has suffered damages, including time devoted by TicketNetwork personnel investigating and taking remedial measures with respect to the security breach, the discounted rate earned by City Ticket and the John Doe Defendants on ticket sales, and harm to TicketNetwork's reputation with respect to the security and integrity of the TicketNetwork Exchange and other damages in an amount to be proven at trial.

**COUNT V – VIOLATION OF CONNECTICUT UNFAIR TRADE PRACTICES ACT**
**(Against All Defendants)**

65. TicketNetwork repeats and realleges Paragraphs 1-64 as if fully set forth herein.

66. At all times relevant hereto, Defendants have been engaged in a trade or commerce as defined by Conn. Gen. Stat. § 42-110a.

67. The above actions by Totally Tickets and Fletcher in developing and distributing a script specifically designed to circumvent TicketNetwork's security protocol for its POS software are immoral, unethical, oppressive, and unscrupulous, and violate public policy.

68. The above actions by City Tickets and the John Doe Defendants in knowingly using the script to circumvent TicketNetwork's security protocol for its POS software and to access the POS software and TicketNetwork Exchange in an unauthorized manner are immoral, unethical, oppressive, and unscrupulous, and violate public policy.

69. The aforementioned acts are in violation of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a *et seq.*, which prohibits unfair methods of competition and deceptive and unfair acts and practices in the conduct of trade and commerce.

70. TicketNetwork has suffered an ascertainable loss of money as a result of Defendants' deceptive and unfair acts and practices.

71. Pursuant to Conn. Gen. Stat. § 42-110g(c), a copy of this Complaint has been mailed to the Attorney General's office and the Department of Consumer Protection for the State of Connecticut.

## COUNT VI – VIOLATION OF CONNECTICUT UNFAIR SALES PRACTICES ACT
### (Against All Defendants)

72. TicketNetwork repeats and realleges Paragraphs 1-71 as if fully set forth herein.

73. Defendants have engaged in deceptive practices in the conduct of trade or business as described herein.

74. TicketNetwork has been and is likely to continue to be damaged by Defendants' unfair and deceptive trade practices.

75.     TicketNetwork is entitled to temporary and permanent injunctive relief enjoining Defendants' unfair and deceptive practices described herein pursuant to Conn. Gen. Stat. § 42-115e.

## PLAINTIFF'S JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, TicketNetwork requests judgment in its favor and against Totally Tickets, City Ticket and the John Doe Defendants as to each count as follows:

A.     Judgment that Defendants (i) willfully infringed TicketNetwork's copyrights in the POS software and TicketNetwork Exchange; (ii) willfully circumvented technological measures under the laws of the United States; (iii) willfully committed computer fraud and abuse under the law of the United States; and (iv) Defendants Totally Tickets and Fletcher willfully engaged in tortious interference with TicketNetwork's contractual relationships and business expectancies with its business partners.

B.     A preliminary and permanent injunction against further infringement of TicketNetwork's copyrights in the POS software and the TicketNetwork Exchange by Defendants, their agents, servants, employees, officers, directors, affiliates, attorneys, assigns, and all others in active concert or participation with them or otherwise controlled by them.

C.     A preliminary and permanent injunction against further computer fraud and abuse by Defendants, their agents, servants, employees, officers, directors, affiliates, attorneys, assigns, and all others in active concert or participation with them or otherwise controlled by them

D. A preliminary and permanent injunction against further unfair and deceptive trade practices by Defendants in violation of the Connecticut Unfair Trade Practices Act and the Connecticut Unfair Sales Practices Act.

E. An award of Defendants' profits and damages sustained by TicketNetwork as a result of Defendants' copyright infringement, Digital Millennium Copyright Act violations, computer fraud and abuse, and tortious interference with contract.

F. An award of (i) the costs of this action, and (ii) TicketNetwork's reasonable attorneys' fees, pursuant at least to 17 U.S.C. § 505, 17 U.S.C. § 1203, Conn. Gen. Stat. §§ 42-110g and 42-115e.

G. The recovery of all pre-judgment and post-judgment interest on each and every award.

H. Such other and further relief as the Court deems just and proper.

PLAINTIFFS
TICKETNETWORK, INC.,
TICKET SOFTWARE LLC

By: */s/ Benjamin C. Jensen*_____
    Benjamin C. Jensen (ct27198)
    Kathleen E. Dion (ct28605)
    Robinson & Cole LLP
    280 Trumbull Street
    Hartford, CT 06103
    Tel. No.: (860) 275-8200
    E-mail: bjensen@rc.com
    E-mail: kdion@rc.com